# Stith v. Board of Education of Pendleton County School Dist.

Nov. 17, 1942.

H. B. Best for appellant.

Alfred Holman for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

This appeal involves the question of the right of appellee, Pendleton County Board of Education, through and by the fiscal court of Pendleton county, to issue funding bonds in the principal sum of $53,000, bearing interest at the rate of 3½%, to pay an obligation or indebtedness incurred by it in the reconstruction of a school building in Pendleton county which was destroyed by fire.

The admitted facts are that in 1938 the Pendleton County Public School Corporation (hereinafter called the corporation) issued bonds in the principal sum of $210,000, bearing 3½% interest, with the proceeds of which it constructed six school buildings in Pendleton county, Kentucky; namely, Morgan, Butler, Mt. Auburn, Portland, Goforth and McKinneysburg districts. At the same time the Pendleton County Board of Education (hereinafter called the board of education) made an agreement with the aforesaid corporation by the terms of which the former rented from the latter the aforesaid school buildings at an annual rental sufficient to pay the interest on the $210,000 principal amount of bonds and to create a sinking fund to pay the serial principal maturities from 1940 through 1959, at which time the corporation was to convey all the said school property to the board of education in fee-simple title.

In 1938 the school building in the McKinneysburg district was destroyed by fire and the corporation being without funds, or unable to secure any funds by an additional bond issue or otherwise, was unable to reconstruct the building. The board of education contracted for the reconstruction of the building in the McKinneysburg district, the cost of which, in addition to other costs for completion of the school buildings in the other five districts, was in excess of $60,000. It appears that the amount over and above $53,000 was financed by the board of education from other sources, leaving a deficit of $53,-000, the amount of the proposed bond issue, evidenced by its warrants and other evidence of indebtedness.

It is admitted that it was the corporation's duty and obligation to reconstruct the burned building, the title to which was in the corporation and not the board of education. In 1942 the corporation adopted a resolution evidencing its obligation to the county board of education in the amount of $53,000 made by the latter for the former's benefit, as above set out. The county board of education at its regular meeting held in August, 1942, through and by the fiscal court of the county, adopted a resolution providing for the issuance by the county board of education the amount of $53,000 funding bonds as above set out, with the proceeds of which to liquidate the floating indebtedness incurred by the board of education in reconstructing the school building in the McKinneysburg district.

The appellant, as plaintiff below, suing for himself and other taxpayers, thereupon filed this action in the Pendleton Circuit Court for a declaration of rights between himself and the other taxpayers, and the county board of education. The action is based upon the theory that the issuance of the $53,000 funding bonds by the board of education was in violation of Section 157 of the Constitution of Kentucky, since the proposed indebtedness would be in excess of revenues for any one year.

The board of education filed its answer admitting the facts set out above and all allegations of the petition except as to its legal right to issue the funding bonds. The issue made by the pleadings is, does the county board of education have the constitutional right to issue the $53,000 funding bonds, there being no specific statute on the subject of funding floating indebtedness of political subdivisions or tax districts except only as found in Sec-

tions 186c-6 and 186c-7 of Carroll's 1936 Kentucky Statutes, and now appearing as Sections 66.210 and 66.220 of the 1942 KRS. The evidence was taken in an endeavor to show that the proposed issuance of the $53,000 funding bonds was not in violation of the constitution and statutes, supra. Upon submission of the case the chancellor held and adjudged valid the proposed issuance of the bonds, and for a final determination of the rights of the parties, the plaintiff has prosecuted this appeal.

We do not deem it necessary to determine the question of whether or not the proposed issuance of the funding bonds is in excess of the revenue of the school board for any one year, as forbidden by Section 157 of the Constitution. The decisive question is whether or not the county board of education had the right to incur an indebtedness in the form of funding bonds or otherwise for the purpose and under the circumstances disclosed in this record, or to incur the alleged indebtedness sought to be funded. In appellee's brief we find this statement:

"Since the Pendleton County Public School Corporation, that owned the building in the McKinneysburg and those in the other five districts of the County, could not possibly finance the reconstruction of the burned building, the Board, in effect, loaned it the money to do so. Briefly, the $53,435.35 remaining due, on account of the costs of reconstruction of the burned building and the completion of the other school buildings in the five districts, is an obligation of the Pendleton County Public School Corporation and not of the Defendant Pendleton County Board of Education. Therefore, it follows that Defendant Board did not violate Section 157 of the Constitution, as above quoted, for the simple reason that it did not 'become indebted * * * to an amount exceeding, in any year, the income and revenue provided for such year.' What only it did and where it now stands is a guarantor or surety for the Pendleton County Public School Corporation that should have reconstructed the building but for good and sufficient reasons shown by the record could not possibly do so. In other words, the Defendant Board of Education borrowed money for the benefit of the Pendleton County Public School Corporation so that one of the latter's buildings, necessary to the proper conduct of the schools in

the Pendleton County School District, might be reconstructed.''

It is conceded that the building was owned by the corporation and that it was its duty to reconstruct the building, yet the board of education voluntarily incurred the indebtedness sought to be funded to discharge an obligation of the corporation. It is stated in brief of appellee that since by the terms of the agreement between the board of education and the corporation, after the liquidation of the $210,000 bond indebtedness of the corporation by the rentals paid to it by the board of education, the latter will become the owner of all the school buildings and therefore the reconstruction of the building in question will ultimately inure to the benefit of the board of education. While that may be true, yet we must deal with the situation as it is, not as it might become in the future. The legal title to the building being in the corporation and the property merely rented to the board of education, the parties bear the relation of landlord and tenant until, if and when, the property is conveyed to the board of education. In these circumstances we do not think the board of education had the right to incur an indebtedness at the expense of the taxpayers to reconstruct the building, which admittedly was the duty and obligation of the corporation. And furthermore, if it should be conceded that the board had the right, if it so desired, to reconstruct the building for the benefit of the school, yet it had no right to create a bonded indebtedness for the purpose of raising funds to loan to the corporation, to discharge its duty and obligation, conceding that such was a loan, as admitted by appellee. The statute authorized a school board to issue funding bonds pertaining to school purposes but we do not think that it was in the minds of the Legislature when enacting the statute to authorize any district taxing authorities to float a bonded indebtedness to create or raise funds to loan to another, although the school board might be indirectly interested in the matter or probably become the beneficiaries of the funds at some future time. We conclude, therefore, that the board of education has no authority to issue the funding bonds proposed by its resolution.

Wherefore, the judgment is reversed and remanded for proceedings consistent with this opinion.